### LAMM v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STREET RAILROAD—INJURIES TO PEDESTRIAN—EVIDENCE.

In an action for injuries to a pedestrian while attempting to cross a street railway track, evidence *held* insufficient to sustain a verdict for plaintiff.

2. SAME—APPEAL—VERDICT—VACATION—WEIGHT OF EVIDENCE.

A verdict will be set aside on appeal where it is against the clear weight of the evidence.

Appeal from City Court of New York.

Action by Harry Lamm against the Metropolitan Street Railway Company. From a City Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Max D. Steuer, for respondent.

FITZGERALD, J. The statements made by plaintiff's witnesses are unsatisfactory and contradictory. Nathan Ottensozer, the principal witness, at one time stated that plaintiff was on the northwest corner of Eighty-Sixth street and Madison avenue, "waiting to cross"; later, that he was between the north and south bound tracks; and, still later, that it was on the southerly crosswalk of Eighty-Sixth street and Madison avenue that he first saw Lamm. Loeb, the only other witness called on behalf of the plaintiff on the

issue of negligence, did not say that he saw the motorman nod or beckon to plaintiff to cross, but that it was his judgment that the motorman so nodded. Plaintiff was not called. Some testimony was given by his wife tending to support an inference that since the occurrence his memory was not reliable; he being over 80 years of age. The version of the accident given upon defendant's behalf negatives absolutely the proposition of negligence as pleaded and sought to be established, and is supported by the motorman; two other employés of the defendant; two passengers—one of whom alighted with plaintiff from the car upon which, according to his testimony, both had been riding; the other testifying to· having seen what happened from the car which caused the injuries; and, finally, a police officer, who claimed to have seen the accident from the street.

It is the duty of courts to set aside a verdict that is clearly against evidence. Mulligan v. N. Y. Central (Sup.) 11 N. Y. Supp. 452. And in Smith v. Ætna Life Insurance Company, 49 N. Y. 211, the learned court said: "It is their duty to set aside a verdict which is against the clear weight of evidence." After a thorough consideration of all the testimony in this record, we are constrained to set this verdict aside as against the clear weight of evidence.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.