## LAMM v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 26, 1905.)

1. STREET RAILROADS—INJURIES TO PEDESTRIAN—EVIDENCE—SUFFICIENCY.

In an action for injuries to a pedestrian while attempting to cross street railway tracks, evidence held insufficient to sustain a verdict for plaintiff.

2. PERSONAL INJURY—TESTIMONY OF PHYSICIANS—ADMISSIBILITY.

It is error to permit a physician testifying in a personal injury action that he did not know the condition of the hearing of plaintiff, a man 80 years of age, prior to the accident; that he had not examined his ears; and that it was not unusual to find the hearing impaired in old men—to testify to the permanency of the impairment of hearing, with no foundation for the assumption that the impairment was proximately caused by the accident.

Scott, P. J., dissenting.

Appeal from City Court of New York.

Action by Harry Lamm against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

See 90 N. Y. Supp. 390.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Bayard H. Ames and E. Angelo Gaynor, for appellant.

Max D. Steuer, for respondent.

PER CURIAM. At the trial of this cause on March 23, 1905, and at the close of plaintiff's case, it was conceded "that this man [the plaintiff, who was upwards of 80 years of age], being called to the stand, it was apparent that he had absolutely no recollection of the accident, and was not able to furnish any evidence on that account." In his complaint, verified by himself on the 15th day of May, 1902, the plaintiff, among other things, alleged:

"That on the 26th day of March, 1902, at about 9 o'clock in the forenoon of that day, the plaintiff was crossing Madison avenue and Eighty-Sixth street, in the borough of Manhattan, city of New York, and was intending to walk to the southeast corner of Madison avenue and Eighty-Sixth street, when he observed a Madison avenue car north-bound, and the plaintiff came to a complete stop, when he was directed by the motorman of the said north-bound car to proceed. The plaintiff then started to cross the uptown track on Madison avenue, in front of the said car, when suddenly, and without giving an opportunity to this plaintiff to clear the tracks, the motorman of the said Madison avenue north-bound car started the said car, and ran into this plaintiff, and threw him down, rendering him unconscious, and injuring and bruising him internally; and as a result of said injuries the plaintiff has had continuous pain in his head, and labors under the impression that there are drums and whistles in his head; his mind has been seriously affected; he has lost the use of his left ear, and the hearing of his right ear has become seriously injured, and his eyesight has become impaired; and plaintiff is informed and believes that the said injuries are permanent in their nature and character."

This, it is to be observed, is the sworn statement of the plaintiff himself, made less than two months after the accident. The jury awarded the plaintiff the sum of $1,000 for his injuries, and the de-

fendant contends that their award was against the weight and upon improper evidence, for error was committed in the admission of evidence.

We must repeat what was said by this court upon a former appeal in this case, that "the statements made by plaintiff's witnesses are unsatisfactory and contradictory." Lamm v. Metropolitan St. Ry. Co., 90 N. Y. Supp. 390. Upon the question of negligence the plaintiff produced two apparently disinterested witnesses, the principal one being one Ottensosser, who testified varyingly as follows:

"I seen Mr. Lamm standing at the crossing—over to the cross-walk at Eighty-Sixth street. He was in motion, going from the west side to the east side. At the southerly crosswalk of Eighty-Sixth street and Madison avenue, he was on the east side of Madison avenue, and he was crossing, I say, from the west to the east. I saw a north-bound car. There was a north-bound car standing directly in front of our door. * * * When I saw Lamm coming across the street, that car—north-bound car—was standing still. * * * I saw the gripman nod his head as though for Mr. Lamm to cross, and at the same time the car started in motion, and the next thing I saw Mr. Lamm was hit by the car. * * * I did not see Lamm when he was hit. * * * I say I first saw Lamm as he was crossing over. He was just about to step on the north-bound track. * * * When I saw him he was off the south-bound track. He was about to step on the north-bound track. * * * He was on the north-bound track when I first saw him. * * * He was not walking. He was looking toward the motorman. * * * I did not see the car hit him. * * * He stepped on the track, and stood still, looking at the motorman. * * * When he stood still, the car was still on that track about twenty feet—between twenty and twenty-five feet—away. * * * Lamm was obscured from my view by the car when he was hit. He had not come out far enough on the track for me to see him after the car started. * * * He came right from behind the south-bound car."

He also supposed that he testified on the former trial that Lamm must have been struck the minute he stepped on that track.

The other witness (Loeb), among other things, testified that the south-bound car did not stop at the south crossing of Eighty-Sixth street, while Ottensosser testified that it did. Loeb testified that the north-bound car came to a standstill about 50 to 75 feet below Eighty-Sixth street, while Ottensosser says that it was from 20 to 25 feet below.

Again we say, as before (90 N. Y. Supp. 391), "the version of the accident given upon defendant's behalf negatives absolutely the proposition of negligence as pleaded and sought to be established" by the plaintiff, who has not upon his side the clear weight of evidence. The physician testified to a discovery of a loss of hearing; that he did not know the condition of the plaintiff's hearing prior to the accident; that he never made any examination of his ears; and in the face of objection was permitted to testify to the permanency of impairment of hearing, with no foundation for the assumption that the impairment had been proximately caused by the accident, beyond his mere thinking that was the result, notwithstanding he also testified that it is not at all unusual in old men to find the hearing impaired. Decidedly improper.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J. (dissenting). A former judgment in favor of plaintiff was reversed as against the weight of evidence. 90 N. Y. Supp. 390. Upon a second trial, upon what appears to be substantially the same evidence, a jury has again rendered a verdict in plaintiff's favor. The case has thus been passed upon twice by a jury, with the same result each time. The jury had the advantage of seeing the witnesses and observing their manner of testifying, and it may well be that the printed "case" does not adequately represent the effect produced by the oral evidence. I see no reason to believe that any different result will be arrived at upon a third trial, and the verdict is not so absolutely without evidence to support it as to require a second reversal.

In my opinion, the judgment should be affirmed, with costs.